UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEARL C. BRENEK,                                    :
    Plaintiff,                                  :
                                  :   3:10-cv-491 (CFD)
       v.                                       :
                                    :
TOWN OF GRISWOLD,                                   :
    Defendant.                                  :

## RULING ON MOTION TO REMAND

### I.    Introduction

This case arises out of a land use dispute between the plaintiff, Pearl Brenek, and the

defendant Town of Griswold.  The plaintiff filed suit in the Connecticut Superior Court.  In her

amended complaint, the plaintiff claimed nuisance, violation of a Connecticut state statute, and

an "taking" by the Town, in violation of the Connecticut and U.S. Constitutions.  The Town then

removed the action to this Court.  The plaintiff then filed the instant motion to remand.

### II.    Background[1]

The plaintiff filed her amended complaint in the Connecticut Superior Court on March

19, 2010, alleging three counts against the Town.[2]  For each of the three counts, the plaintiff

alleges that the Town engaged in a practice of plowing and maintaining Brewster Road in a

---

[1]Unless otherwise noted, these facts are taken from both parties' memoranda in support of and in opposition to the pending motion to remand.

[2]The action was originally filed in the Superior Court in 2008, but the original complaint did not contain the now third count, alleging a federal constitutional claim, and only contained state law claims.  When the third count was filed, the defendant removed the case to this Court.

manner that caused a sediment build-up along the east edge of the road near the plaintiff's

property.  This build-up allegedly caused water to flow down the side of the road and flood the

plaintiff's property.  Despite the plaintiff's efforts to have the Town remedy the situation, she

claims that the Town has failed to do so.

The first count of the amended complaint alleges nuisance under Connecticut common

law, and pleads that the Town created two culverts to divert the water but caused further flooding

on a different portion of the plaintiff's property.  The second count claims that the town violated

Conn. Gen. Stat. § 13a-138, which authorizes those constructing or repairing highways to create

water drainage systems, but forbids the diverting of water into the property of a dwelling house

or other specified types of property.  The third count alleges that the Town has committed an

unconstitutional taking under both the Connecticut and United States Constitutions.  In response

to the motion to remand, the plaintiff argues that the federal takings count was set forth merely as

insurance to "back[] up" the other claims, "in the unlikely event that the State statute is held

somehow not to apply to this case."  Memorandum of Law in Support of Plaintiff's Motion to

Remand, Civil Action No. 3:10-cv-491-CFD, Dkt. # 12, p. 3.  However, she is also seeking

damages, costs, and attorneys' fees pursuant to 42 U.S.C. § 1983, in connection with the federal

takings claim.


III.    **Applicable Law and Discussion**

Federal law allows a defendant to remove to the United States District Court "any civil

action brought in a State court of which the district courts of the United States have original

jurisdiction."  28 U.S.C. § 1441(a).  District courts have original jurisdiction to hear federal

questions, defined as "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal district courts also have original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution . . . or by any Act of Congress."  28 U.S.C. § 1343(a)(3).

When presented with a motion to remand, the Court should examine four factors in determining whether the initial removal was proper: (1) federal law must be an "essential" element of plaintiff's cause of action; (2) the federal question must arise from the plaintiff's complaint and not from the defendant's answer or the petition for removal; (3) the federal question may not be inferred from a defense; and (4) the federal question must be substantial. See Gully v. First Nat. Bank, 299 U.S. 109, 112-13 (1936) and Hagans v. Lavine, 415 U.S. 528, 536 (1974).  Generally, courts interpret the removal statute narrowly and resolve doubts against removal.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).  "Where . . . jurisdiction is asserted by a defendant in a removal petition, . . . the defendant has the burden of establishing that removal is proper."  United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994), citing R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979).

The plaintiff maintains that the federal question in this case "is not essential or substantial, but merely additional protection for the plaintiff's underlying nuisance and statutory claims."  Since she alleges several theories of liability, the plaintiff contends that the federal takings claim she is pursuing under 42 U.S.C. § 1983 is not essential to her suit.  As a threshold matter, the plaintiff is correct that Connecticut state courts consider relevant federal

constitutional precedent when ruling on state constitutional issues, see State v. Geisler, 222

Conn. 672, 684, 610 A.2d 1225 (1992), abrogated on other grounds by State v. Brocuglio, 264

Conn. 778 (2003), and may also apply federal constitutional law when granted concurrent subject

matter jurisdiction, as under 42 U.S.C. § 1983.  See, e.g. New England Estates, LLC v. Town of

Branford, 294 Conn. 817, 850-51 (2010).  However, this inquiry should not focus on whether the

plaintiff's claims *could* be heard in state court.  Instead, "[t]o bring a case within the [removal]

statute, a right or immunity created by the Constitution or laws of the United States must be an

element, and an essential one, of the plaintiff's cause of action."  Gully v. First Nat. Bank, 299

U.S. 109, 112 (1936).  In this case, the plaintiff amended her complaint to add a third count

alleging an unconstitutional taking under both the federal and state constitutions.  She also seeks

damages, including attorneys' fees and costs pursuant to § 1983.  As such, the claim for a taking

does arise under the Constitution and the laws of the United States and is also essential to the

plaintiff's cause of action.  Therefore, the federal question is essential and removal was proper.

The plaintiff may also not prevail under 28 U.S.C. § 1441(c).  Though this section

generally empowers the district court sitting in review of a removed case to "remand all matters

in which State law predominates," 28 U.S.C. § 1441(c); see also Eastus v. Blue Bell Creameries,

L.P., 97 F.3d 100, 106 (5th Cir.1996), § 1441(c) is not applicable in this case.  When a suit is

properly removed under § 1441(a), the federal district court does not have jurisdiction to remand

that case back to state court under § 1441(c).  See Nelson v. City of Rochester, 492 F. Supp. 2d

282, 287 (W.D.N.Y. 2007).  See also Doe v. Norwich Roman Catholic Corp., 606 F. Supp. 2d

244, 245 (D. Conn. 2009); Dunlop v. City of New York, No. 06-CV-433, 2006 WL 2853972, at

*4 (S.D.N.Y. Oct. 4, 2006); Avoletta v. City of Torrington, No. 07-CV-841, 2008 WL 905882, at

*9 (D. Conn. March 31, 2008); Law v. City of Ansonia, No. 05-CV-1515, 2005 WL 3132703, at

*1 (D. Conn. Nov. 22, 2005); and Padilla v. City of Saginaw, 867 F.Supp. 1309, 1315 (E.D.

Mich. 1994) (noting that § 1441(c) "applies only where the state and federal claims in a single

suit do not derive from a common nucleus of operative fact and, thus, where the suit is not

removable under §§ 1441(a) or (b) because the court lacks any basis for jurisdiction over the state

law claims").

  This Court may exercise jurisdiction over the plaintiff's remaining claims, which are

based on state law and common law, pursuant to supplemental jurisdiction.  When a case is

removed to federal court, the district court may exercise jurisdiction over accompanying state law

claims so long as "[t]he state and federal claims . . . derive from a common nucleus of operative

fact" and the claimant "would ordinarily be expected to try them all in one judicial proceeding."

United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).  "Under Gibbs, a federal

court should consider and weigh in each case . . . the values of judicial economy, convenience,

fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that

court involving pendent state-law claims."  Carnegie-Mellon University v. Cohill, 484 U.S. 343,

350 (1988).  This doctrine of pendent jurisdiction was designed to be flexible and "to allow

courts to deal with cases involving pendent claims in the manner that most sensibly

accommodates a range of concerns and values."  Id.  See also 28 U.S.C. § 1367 (codifying

ancillary and pendent jurisdiction in supplemental jurisdiction statute).

  "Where the complaint pleads both federal and state law claims arising out of the same

facts, the entire action may generally be removed, since the federal court has supplemental

jurisdiction over the state law claims under 28 U.S.C. § 1367."  Nelson, 492 F.Supp.2d at 286.

"The federal claim would provide a foothold in the federal court, and then supplemental jurisdiction would provide the basis for subject matter jurisdiction over the state law claims." See Moore's Fed. Practice 3d § 107.14[6][b].  As discussed in Gibbs and Cohill, the Court should exercise supplemental jurisdiction in this case because the claims share a "common nucleus of operative fact" and in the interests of judicial economy, convenience, fairness, and comity.  Here, the plaintiff alleges the same facts to support her claim for compensation under the U.S. Constitution as she does in support of the alleged nuisance and state law violations.  Since the exact same conduct and damages are at issue for all three claims, they certainly share a "common nucleus of operative fact."  Though the plaintiff contends that the nuisance and state law issues are a "novel or complex issue of State law" which would counsel the Court not to exercise supplemental jurisdiction, see 28 U.S.C. 1367(c)(1), judicial economy and convenience require exercising that jurisdiction in this case.  Where claims touch upon the same set of facts, a party could normally expect that they would be tried in the same proceeding.  See Gibbs, 383 U.S. at 725.  Supplemental jurisdiction is proper where, as here, "[t]he facts underlying Plaintiff's [federal] claims are inextricably tied up with the facts giving rise to the state-law claims."  Doe, 606 F. Supp. 2d at 245.

**IV.      Conclusion**

For the reasons set forth above, plaintiff's motion to remand [Dkt. # 11] is DENIED.

SO ORDERED this <u>2nd</u> day of June 2010, at Hartford, Connecticut.


 /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**